UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIA MARGARITA CASTRO DE PEREZ,            20-CV-0227 (DRH)(SIL)

                    Plaintiff,

-against-

LA FAMIGLIA PIZZERIA INC and
CARMINE MAIORANO,

                    Defendants.
-----------------------------------------------------------------X

## AMENDED COMPLAINT

Plaintiff, MARIA MARGARITA CASTRO DE PEREZ ("Plaintiff"), as and for her Amended Complaint against Defendants, LA FAMIGLIA PIZZERIA INC and CARMINE MAIORANO (hereinafter, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and Part 146 of the New York Codes, Rules, and Regulations (hereinafter, the "Regulations") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

1

## PARTIES

5. Plaintiff was employed by Defendants as a kitchen assistant from in or about January 2018 until on or about September 21, 2019.

6. According to the New York State Department of State, Division of Corporations, Defendant La Famiglia Pizzeria Inc (hereinafter, "La Famiglia") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, at all relevant times to this action, Defendant La Famiglia maintained a principal place of business located at 157 Whitestone Road, Sound Beach, New York 11789.

8. Upon information and belief, at all relevant times to this action, Defendant La Famiglia owned and operated "La Famiglia" pizzeria restaurant located at 157 Whitestone Road, Sound Beach, New York 11789.

9. At all relevant times, Defendant La Famiglia maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

10. Upon information and belief, Defendant Carmine Maiorano ("Maiorano"), previously identified as Defendant John Doe, is a resident of the State of New York.

11. Upon information and belief, at all relevant times, Defendant La Famiglia was owned, operated, and controlled by Defendant Maiorano.

12. Upon information and belief, at all relevant times, Defendant Maiorano was a shareholder, owner, officer, director, and/or managing agent of Defendant La Famiglia.

13. Upon information and belief, at all relevant times, Defendant Maiorano exercised operational control over Defendant La Famiglia, controlled significant business functions of

Defendant La Famiglia, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant La Famiglia in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

14. Upon information and belief, at all relevant times, Defendant Maiorano participated in running the daily operations of Defendant La Famiglia and its pizzeria restaurant.

15. Upon information and belief, at all relevant times, Defendant Maiorano participated in the management and supervision of the employees at Defendants' pizzeria.

16. Defendants had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

17. Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

18. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## **FACTS**

19. At all times relevant to this action, Plaintiff was employed as a kitchen assistant for the benefit of and at the direction of Defendants at their pizzeria.

20. Throughout Plaintiff's employment, her primary responsibilities included preparing and cooking food and washing dishes.

21. During Plaintiff's employment, Plaintiff was not required to sign in or out of her daily shifts.

22. Upon information and belief, Defendants did maintain time records for the hours that Plaintiff worked each day and each week.

23. From about January 2018 until on or about September 6, 2019, Plaintiff worked five (5) days per week with Sunday and Tuesday off. On Monday, Wednesday, and Thursday, Plaintiff worked from about 11:00 a.m. until about 9:00 p.m. On Friday and Saturday, Plaintiff worked from about 11:00 a.m. until about 10:00 p.m.

24. During this time, Plaintiff did not receive and did not take uninterrupted meal breaks longer than fifteen (15) minutes.

25. During this time, Plaintiff generally worked fifty-two (52) hours per week.

26. During this time, Defendants paid Plaintiff an hourly rate of pay for all hours worked up to fifty (50) hours per week, and did not pay Plaintiff any wages for hours worked in excess of fifty (50).

27. From on or about September 7, 2019 until on or about September 21, 2019, Plaintiff worked four (4) days per week with Sunday, Monday, and Tuesday off. On Wednesday and Thursday, Plaintiff worked from about 11:00 a.m. until about 9:00 p.m. On Friday and Saturday, Plaintiff worked from about 11:00 a.m. until about 10:00 p.m.

28. During this time, Plaintiff did not receive and did not take uninterrupted meal breaks longer than fifteen (15) minutes.

29. During this time, Plaintiff generally worked forty-two (42) hours per week.

30. During this time, Defendants paid Plaintiff an hourly rate of pay for all hours worked up to forty (40) hours per week, and did not pay Plaintiff any wages for hours worked in excess of forty (40).

31. Throughout her employment, Defendants paid Plaintiff in cash on a weekly basis.

32. Throughout her employment, Defendants did not pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours each week.

33. Throughout her employment, Defendants did not pay Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours per week.

34. Throughout her employment, Defendants did not pay Plaintiff spread of hours compensation at a rate of one extra hour of pay at the statutory minimum wage rate for each day in which she worked in excess of ten hours.

35. Defendants did not provide Plaintiff with a Notice and Acknowledgement of Pay Rate and Payday, or any other form of wage notice, at the time of her hiring or at any other time thereafter, as required by NYLL § 195(1).

36. Defendants failed to provide Plaintiff with complete and accurate earnings statements, paystubs, cash receipts, or any other type of complete and accurate wage statement along with her weekly earnings, as required by NYLL § 195(3).

37. Defendant Maiorano participated in the decision to employ Plaintiff.

38. Defendant Maiorano participated in the daily supervision of Plaintiff's duties.

39. Defendant Maiorano participated in setting Plaintiff's work schedule.

40. Defendant Maiorano participated in deciding the hours that Plaintiff worked each day and each week.

41. Defendant Maiorano participated in deciding the manner in which Plaintiff was paid.

42. Defendant Maiorano participated in deciding Plaintiff's rate(s) of pay.

43. Defendant Maiorano participated in deciding the job duties that Plaintiff performed.

44. Defendant Maiorano participated in running the day-to-day operations of Defendant La Famiglia and the pizzeria restaurant during Plaintiff's employment.

45. Defendants managed Plaintiff's employment, including the amount of overtime worked.

46. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

47. Defendants were aware of Plaintiff's work hours but failed to pay her the full amount of overtime compensation to which she was entitled under the law.

48. Defendants were aware of Plaintiff's work hours but failed to pay her spread of hours compensation to which she was entitled under the law.

49. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**<u>FAILURE TO COMPENSATE FOR OVERTIME</u>**

50. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

51. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

52. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant La Famiglia is an enterprise engaged in commerce or in the production of goods for commerce.

53. At all times relevant to this Complaint, Defendant La Famiglia had two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who was employed as a kitchen assistant and handled food and kitchen supplies that have moved in interstate commerce.

54. Upon information and belief, the gross annual volume of sales made or business done by Defendant La Famiglia for the years 2018 and 2019 was not less than $500,000.00.

55. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

56. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

57. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

58. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

59. However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

60. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

61. Defendants have not acted in good faith with respect to the conduct alleged herein.

62. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

63. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

64. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

65. At all times relevant to this Action, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

66. At all times relevant to this Action, Defendant La Famiglia was a restaurant as defined by the regulations pertaining to the NYLL.

67. At all times relevant to this Action, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

68. At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

69. At all times relevant to this Action, Defendants employed Plaintiff by suffering or permitting her to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

70. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

71. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

72. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

73. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours per week.

74. Plaintiff was not exempt from the overtime provisions of the NYLL, because she did not meet the requirements for any of the reduced number of exemptions available thereunder.

75. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

76. Defendants have not acted in good faith with respect to the conduct alleged herein.

77. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

78. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

79. In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

80. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

81. As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

82. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

83. Defendants willfully failed to furnish Plaintiff with wage notices during her employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

84. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

85. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

# COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6, SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

86. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

87. Defendants willfully failed to provide Plaintiff with complete and accurate wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

88. Through their knowing and intentional failure to provide Plaintiff with complete and accurate wage statements, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

89. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A.    Declare and find that Defendants committed one or more of the following acts:

        1.    Violated the provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

2. Willfully violated the provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime and spread of hours compensation to Plaintiff;

4. Willfully violated the provisions of the NYLL;

5. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B. Award compensatory damages, including all overtime and spread of hours compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime and spread of hours compensation due accruing from the date such amounts were due;

F. Award all costs, disbursements, and attorney's fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
April 3, 2020

_____
Neil H. Greenberg, Esq.
Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
keith@nhglaw.com